UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JULLIUS JAVONTE BROOKS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**BMO HARRIS BANK,** )<br>)<br>**Defendant.** ) | No. 2:22 CV 219<br>No. 2:22 CV 220 |

## AMENDED ORDER

Plaintiff Jullius Brooks filed the present suits, *pro se*, as well as motions to proceed *in forma pauperis*. This court granted plaintiff leave to proceed *in forma pauperis*. (DE ## 3, 4.) This court now amends those orders.[1]

Plaintiff alleges that defendant BMO Harris Bank stole money from his bank account. (DE # 1.) His stated damages are $3,500.

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief

---

[1] Plaintiff's cases are substantially similar, and were consolidated for all purposes. (DE # 4.) The citations in this order refer to docket entries made in the lead case, *Brooks v. BMO Harris Bank*, 2:22 CV 219.

may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Upon review of plaintiff's complaints, the court can discern no basis for the exercise of subject matter jurisdiction in this case. No federal question appears present (28 U.S.C. § 1331) and the amount in controversy is well below the $75,000 threshold applicable to any case based on diversity of citizenship (28 U.S.C. § 1332).

Courts should generally afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, plaintiff could amended his complaints, consistent with the allegations he has already made, in a manner that would satisfy the requirements of diversity jurisdiction. Accordingly, the court finds that amendment would be futile.

For the reasons stated above, the court **AMENDS** its orders granting plaintiff Jullius Brooks leave to proceed *in forma pauperis* (DE ## 3, 4), as set forth in this order. The court **DISMISSES** plaintiff's complaints in 2:22 CV 219 and 2:22 CV 220 for want of jurisdiction and **DIRECTS** the Clerk to close these cases.

**SO ORDERED.**

Date: January 26, 2023

s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT